# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS W. LEAMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2565-KHV |
| GENERAL ELECTRIC COMPANY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

Plaintiffs bring suit against General Electric Company, alleging that it violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. This matter comes before the Court on plaintiffs' <u>Motion For Reconsideration Of Order Entered March 2, 2006, Granting In Part Plaintiffs' Unopposed Motion For Extension And Memorandum In Support Thereof</u> (Doc. #17) filed March 14, 2006.

On March 2, 2006, the Court declined to extend to April 24, 2006 plaintiffs' deadline to respond to defendant's motion to dismiss and to extend to May 1, 2006 plaintiffs' deadline to respond to defendant's motion to transfer. Plaintiffs now request the Court to reconsider this ruling, arguing that its order ethically precludes plaintiffs' counsel from mediating this case.

The Court is at a loss to see how plaintiffs' counsel will be ethically precluded from mediating this case under any of plaintiffs' suggested scenarios. Plaintiffs' counsel does not represent any potential plaintiffs who might appear in a collective action, and the Court discerns no rational basis how the actual filing of a motion for provisional certification could be considered "a critical component" of plaintiffs' opposition to defendant's motions to dismiss and to compel arbitration. From plaintiffs' brief, it appears

that the sole reason why plaintiffs might file a motion to proceed as a collective action in the immediate future would be to (1) create (not eliminate) a potential ethical issue, which issue could be used as a pretext to avoid settling the claims of the individual plaintiffs who are now before the Court; (2) thereby enhance plaintiffs' settlement posture in the upcoming mediation; and (3) preserve a possible collective action for the benefit of plaintiffs' attorney (as opposed to plaintiffs) if the individual plaintiffs elect to settle their claims.

Plaintiffs threaten that "[i]f any settlement of solely the named plaintiffs' claims is submitted to the Court and any objection is made by a putative plaintiff, the factors referred to above would virtually compel the Court to reject it." The Court disagrees, but will cross that bridge when it comes to it.

A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (10th Cir. 1991). All of these arguments could have been presented in support of the earlier motion. Moreover, plaintiffs' counsel has become notorious for "extension-seeking campaigns" of the kind described in Steinert v. Winn Group, Inc., – F.3d –, 2006 WL 598165 (10th Cir. 2006). His pattern of excessive and tardy extension requests is well known to this Court, and its recent experience in Lynn v. Gen. Elec. Co., Case No. 03-2662, has forced it to adopt a firmer resolve to curtail (and if necessary punish) counsel's standing disregard for the orderly process of justice. In Lynn, on June 16, 2004, defendant also sought to dismiss and compel alternative dispute resolution. Plaintiffs' counsel sought extensions of time to respond to that motion on eight separate dates: July 1, 2004 (Doc. #17); July 20, 2004 (Doc. #22); July 29, 2004 (Doc. #23); August 12, 2004 (Doc. #27); August 19, 2004 (Doc. #29); August 27, 2004 (Doc. #31); September 3, 2004 (Doc. #34); and September 9, 2004

(Doc.#36). On September 13, 2004, the Court admonished plaintiffs' counsel that absent "truly extraordinary circumstances," the Court would entertain no further requests to extend the deadline to respond to defendant's motion. Plaintiffs filed their opposition brief on September 13, 2004, then amended their complaint on October 5, 2004. When defendant renewed its motion to compel arbitration as to the claims in the amended complaint, plaintiffs began another extension-seeking campaign to delay their deadline to respond to the motion to compel arbitration and secure additional time to join additional parties. Through this strategy, plaintiffs postponed the day of reckoning on defendant's motion from October 5, 2004 to July 11, 2005. Beginning August 17, 2005, plaintiffs' counsel launched another extension-seeking campaign to secure additional time to respond. The Court eventually gave up on its effort to schedule a meaningful hearing date on plaintiffs' request for collective action status, Doc. #120, and in response to repeated requests for more time, told plaintiffs that "ANY MOTION BY PLAINTIFFS FOR A FURTHER EXTENSION OF TIME WILL BE SUMMARILY DENIED." Doc. #128. See motions filed November 12, 2004 (Doc. #56); February 17, 2005 (Doc. #63); July 25, 2005 (Doc. #95); August 17, 2005 (Doc. #103); September 6, 2005 (Doc. #116); September 12, 2005 (Doc. #118); September 14, 2005 (Doc. #119); September 19, 2005 (Doc. #123); September 26, 2005 (Doc. #127); October 7, 2005 (Doc. #132); October 11, 2005 (Doc. #134) (motion to reconsider); November 14, 2005 (Doc. #140); and November 29, 2005 (Doc. #143). Plaintiffs' counsel ignored this admonition and sought yet additional time, which the Court denied. Doc. #133. This ruling prompted a motion to reconsider which was clearly calculated to buy yet additional time. Doc. #134. When the Court overruled the motion to reconsider, plaintiffs' counsel sought leave to file a surreply to present the facts and legal arguments which should have been included in a timely opposition brief. See #139. The Court

eventually overruled this request, Doc. #152, and on January 9, 2006 – more than two years after plaintiffs filed suit and nearly 19 months after defendant filed its first motion to compel arbitration – it ordered arbitration.

In this case, the Court is anxious to avoid the disruption, delay and disorder which occurred in Lynn.  Its experience in Lynn cautions it to cast a skeptical eye toward any requests for additional time which are not supported with cogent reasoning.  The fact that defense concurs in a request for more time, or does not oppose it, is not dispositive.  D. Kan. Rule 6.1(a) (stipulations for extension of time are subject to the approval of the court).

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Reconsideration Of Order Entered March 2, 2006, Granting In Part Plaintiffs' Unopposed Motion For Extension And Memorandum In Support Thereof (Doc. #17) filed March 14, 2006 be and hereby is **OVERRULED**.

Dated this 15th day of March, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge