## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THOMAS W. LEAMAN, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 05-2565-KHV** |
| **GENERAL ELECTRIC COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

On December 30, 2005, Thomas W. Leaman and Victor L. Kim brought suit against General Electric Company, alleging that it violated the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. Plaintiffs reside in Colorado. Defendant urges the Court to transfer this case to the United States District Court for the District of Colorado. This matter is before the Court on Defendant's Motion To Transfer Venue (Doc. #8) filed February 17, 2006. For reasons stated below, the Court sustains the motion to transfer venue.

## Legal Standards

Under 14 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." The decision whether to grant a motion to transfer is within the sound discretion of the district court. See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). The moving party has the burden of demonstrating that a suit should be transferred. See Cook v. Atchison, Topeka & Santa Fe Ry. Co., 816 F. Supp. 667, 668 (D. Kan. 1993). The Court should also consider the following factors: plaintiff's choice of forum; the

accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). The Court must give great weight to plaintiff's choice of forum. KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp.2d 1212, 1214 (D. Kan. 1998). Unless the balance strongly favors the movant, plaintiff's forum choice should rarely be disturbed. Scheidt, 956 F.2d at 965.

## Analysis

Defendant argues that plaintiffs are residents of Colorado, that the primary witnesses reside in Colorado, that the events which give rise to plaintiffs' claims occurred in Colorado, and that venue in Colorado is therefore proper under 28 U.S.C. § 1391(a)(2). Plaintiffs do not object to transfer. See Plaintiffs' Stipulation To Transfer Of Venue Pursuant To 28 U.S.C. § 1404(a) (Doc. # 21) filed March 27, 2006. The Court concludes that the facts presented favor transfer. Venue is proper in the District of Colorado. The Colorado forum appears to be more convenient for the primary witnesses and plaintiffs.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Transfer Venue (Doc. #8) filed February 17, 2006 be and hereby is **SUSTAINED**. The Clerk is directed to transfer this case to the United States District Court for the District of Colorado.

Dated this 5th day of April, 2006 at Kansas City, Kansas.

                                                                     s/ Kathryn H. Vratil
                                                                     KATHRYN H. VRATIL
                                                                     United States District Judge